USCA1 Opinion

 

 November 7, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1151 No. 94-1227 UNITED STATES OF AMERICA, Appellant, v. GARY P. WLODYKA, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Peter E. Papps, First Assistant United States Attorney, with whom _______________ Paul M. Gagnon, United States Attorney, was on briefs for the United ______________ States. Charles S. Temple, by Appointment of the Court, with whom ___________________ Upshall, Cooper & Temple, P.A. was on brief for appellee. _______ _____________________ ____________________ ____________________ Per Curiam. On January 26, 1990, a jury convicted Gary ___________ Wlodyka of possession with intent to distribute marijuana and cocaine. 21 U.S.C. 841(a)(1). At sentencing, the district judge concluded that the defendant had an offense level of 32 and a criminal history category of 6, generating a guideline range of 210 to 262 months. Departing downward, the court sentenced defendant to 168 months' imprisonment. The grounds for the departure included a harrowing childhood, involving the suicide of one parent, attempted suicide by another, a stint in an orphanage, and finally rape by an alcoholic stepfather and continued physical and sexual abuse; service in the Marine Corps in Vietnam and subsequent addiction to drugs (derived in part from treatment for injury while in service) and later treatment for post-traumatic stress disorder; and present infection with the HIV virus. In the sentencing memorandum, the court noted: "overkill, life sentence, defendant dying from AIDS, Vietnam veteran, drug addicted." On June 18, 1990, Wlodyka asked the district court to have an appeal filed on his behalf. The district court denied the request as untimely, and Wlodyka appealed. On June 27, 1990, this court in an unpublished order sustained the district court's action. This court declined to pass on the claim that defendant had not been given timely notice of -2- -2- his right to appeal, noting that relief on this ground should be sought under 28 U.S.C. 2255. After an unsuccessful effort to reduce his sentence by motion under Fed. R. Crim. P. 35, a ruling summarily affirmed by this court on appeal, United States v. Wlodyka, 953 F.2d _____________ _______ 632 (1st Cir. 1991) (per curiam), Wlodyka filed a motion under 28 U.S.C. 2255. He argued that the district court had failed at the time of sentencing to advise him of his right to appeal, as required by Fed. R. Crim. P. 32; he also urged ineffective assistance of counsel at sentencing, a claim later rejected and not appealed by Wlodyka. After hearings in late 1993 and early 1994, the district court determined that it had not complied with Rule 32 and granted the defendant a new sentencing hearing. On January 20, 1994, a new sentencing hearing was held. Defendant presented evidence, addressed to the events in his history already described, but more extensive than the evidence offered at the time of his original sentence. The district court gave Wlodyka a two-point reduction for acceptance of responsibility, which had been withheld in the original sentence, and determined that he had reduced mental capacity as well as a serious medical condition due to his current HIV affliction. Departing downward, the court then sentenced the defendant to 100 months of imprisonment. The government now appeals. -3- -3- On appeal, the government does not dispute that defendant was entitled to be resentenced because of the Rule 32 violation but argues that the only remedy available to the district court was to vacate the original sentence and then reimpose it in precisely the same terms. The government's premise is that vacating the old sentence but then reimposing the same sentence gives the defendant just what he or she would have had if the Rule 32 warning had been originally given, that is, a right to appeal from the sentence originally imposed. Anything more, says the government, is a second bite at the apple and a potential windfall for the defendant. In the ordinary case, we agree that the natural and adequate remedy is to vacate and reimpose the same sentence. But being unable to envisage every possibility, we are unwilling to establish an ironclad, mechanical rule. In any event, this is certainly not a jurisdictional matter, and the objection now raised by the government was not sufficiently brought home to the district judge at or before resentencing. Accordingly, we think that the government has waived its potential objection in this case. At the original section 2255 hearing, the government's main argument was that the error had been harmless because Wlodyka necessarily knew that he had a right to appeal, and the appeal was in any event frivolous. Although the -4- -4- government did refer briefly to the possibility of reimposing the same sentence, this somewhat buried assertion did not clearly apprise the district judge of the government's present position that this was the most he could legally do. At the resentencing itself, the government's argument, which was extensive and thorough, was directed to explaining why on the merits no lower sentence was appropriate. The government's next claim is that the reduction violates the law of the case doctrine. The government points to nothing specific that the district court said earlier from which it is now departing. This court affirmed the denial of the Rule 35 motion without opinion and has never spoken directly about the sentence. What has happened is that the district court, on somewhat different evidence, has determined that the departure should be larger than it originally determined. In all events, without suggesting that the law of case argument is frivolous, we think it is unnecessary to pursue it. As with the limitation-of-remedy issue already discussed, we think that the government did not bring this claim squarely to the attention of the district court and cannot rely upon it on appeal. Here, too, the government did make timely references in the district court to prior rulings; but the suggestion that the district court was bound -5- -5- by law of the case does not seem to have been squarely presented. The government's next argument is that the district court erred at resentencing in granting a two-level reduction for acceptance of responsibility. The district court had declined to do so at the original hearing because it thought that the defendant had accepted responsibility but also thought that it was barred from granting an adjustment because Wlodyka was a career offender. The government agrees that this was error and that the acceptance of responsibility adjustment is available to Wlodyka if he otherwise qualifies. We see no reason to discuss, or even describe, the merits of the acceptance of responsibility dispute beyond saying that both sides appear to have colorable arguments. The sentence in this case was based on a departure from the guideline range. The district judge knew precisely what Wlodyka had said about his own culpability and when he had made the statements. Whether Wlodyka's statements were technically an acceptance of responsibility or fell barely short appears to have had no effect on the 100-month sentence ultimately selected. The government's final contention is a kitchen-sink argument that the entire departure was based on impermissible grounds. While the government did not appeal the earlier substantial departure, its current position--it appears--is -6- -6- that no departure at all is now justified. How this position is to be reconciled with its prior law of case argument is not explained. In all events, the government concedes that the grounds cited or apparently considered by the district court are for the most part "discouraged" but not prohibited grounds for departure. A clear-cut legal issue would be presented if the district court had based the departure upon any ground that was legally impermissible. The government does in fact claim that the court was not entitled to consider the "childhood trauma" suffered by the defendant because of U.S.S.G. 5H1.12, which provides in full: "Lack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." It is sufficient to say that the catalogue of horrors already recited go far beyond lack of guidance and a disadvantaged upbringing. Concluding that the district court did not act upon any specifically forbidden grounds, we are left with the question whether the district court's action was unreasonable, an issue that is open to judicial review under the Guidelines. 18 U.S.C. 3742(e)(3). Although the issue depends very much on the individual facts, we recognize that review of departures is contemplated by the statute and is intended to serve a function. With this in mind, we have looked -7- -7- carefully at the transcript of the sentencing hearing setting out evidence pertaining to Wlodyka and the district court's explanation for its action. Having given the matter searching consideration, we conclude that the departure granted was not outside the bounds of reason and that it is time for this case to be brought to a close. Affirmed.  ________ -8- -8-